HENRIETTA C. MOTTON *vs.* WILLIAM H. SMITH, Exr.

PROVIDENCE—MARCH 24, 1905.

PRESENT: Douglas, C. J., Dubois and Blodgett, JJ.

(1)  *Evidence.   Expert Testimony.*

A party is not qualified, merely because of ownership of articles in controversy, to testify to their value, but the fact of the competency of the witness to form an opinion on the question of value should be first established.

Opinion in *Motton* v *Smith,* 27 R. I. 57, affirmed.

MOTION for re-argument of case decided in 27 R. I. 57. Motion denied.

Per Curiam.    The plaintiff moves for a re-argument of the case on the ground that the plaintiff's testimony to the value of the jewelry was properly admitted.    We did not attempt to lay down a general rule upon the subject.    To do so would be difficult, if not impossible, further than to say that some knowledge of value is a necessary qualification in a witness who is called to prove value.    An owner is doubtless usually qualified to state the cost price of articles of personal property, and from that, with information as to age and wear, the jury may estimate value.    So in regard to such articles as wearing apparel, which everybody uses, no expert is required to state the value.    We only decided that, as the evidence in this case did not show that the plaintiff had any knowledge of the value of the articles of jewelry, which we enumerated—articles having a commercial value—she ought not to have been allowed to state her estimate of their value.    If she was present when they were bought, or if the defendant's intestate admitted their value, her evidence to these facts would be admissible.    What she heard her father say was simple hearsay.

The cases cited by the plaintiff all have some feature from which it might be reasonable to infer knowledge of value.    In *Shea* v. *Hudson,* 165 Mass. 44, Morton, J., says:    "Without undertaking to decide that in every case the fact of ownership qualifies a party to testify to the value of or damage to property, we think that the evidence was rightly admitted in the present case."    The citation from Wigmore on Evidence, section 716:    "The owner of an article, whether he is generally familiar with such values or not, ought certainly to be allowed to estimate its worth; the weight of his testimony (which often would be trifling) may be left to the jury; and courts have usually made no objections to this policy," is rather a feeble expression of the author's opinion than the declaration of an established rule.

We adhere to the opinion that in the case at bar much of the plaintiff's evidence was improperly admitted, and the motion for a re-argument is denied.

*George T. Brown,* for appellant.
*Van Slyck & Mumford,* for appellee.